**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

_____
:
MARK HARVEY,                      :
                                      :  Civil Action No. 05-412 (AET)
          Petitioner,    :
:
         v.                :          **O P I N I O N**
:
HOMELAND SECURITY, et al.,        :
:
          Respondents.   :
_____:

**APPEARANCES:**

    Mark Harvey, <u>Pro Se</u>
    Monmouth County Correctional Institution
    1 Waterworks Road
    M-1 Unit Room 106
    Freehold, NJ 07728

    John G. Silbermann
    Assistant United States Attorney
    970 Broad Street, Suite 700
    Newark, NJ 07102
    Attorney for Respondents

**THOMPSON**, District Judge

    Petitioner Mark Harvey, an alien currently detained pending removal at the Monmouth County Correctional Institution, Freehold, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Respondents are

---

[1] Section 2241 provides in relevant part:
(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective

(continued...)

Homeland Security and Warden Fasser.  For the following reasons, the Petition will be denied.

## BACKGROUND

Petitioner is a native of Jamaica, who entered the United States in 1984 as a lawful permanent resident.  In April 1994, Petitioner plead guilty to attempted rape in the second degree, in violation of New York state law.  Petitioner was sentenced to five years probation.

On September 3, 1999, the Immigration and Naturalization Service ("INS") charged Petitioner as removable as an aggravated felon pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).  The criminal conviction constituted an aggravated felony under 8 U.S.C. §§ 1101(a)(43)(A), 1101(a)(43)(U).  On January 17, 2002, a hearing was held before an Immigration Judge, and Petitioner was found removable.  On August 28, 2003, the Board of Immigration Appeals affirmed the removal order.  On September 22, 2003, Petitioner appealed the BIA affirmation to the Court of Appeals for the Second Circuit.

On February 9, 2004, the Bureau of Immigration Customs and Enforcement (BICE) presented information to the Jamaican Embassy

---

[1](...continued)
jurisdictions.  ...
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

to acquire travel documents for Petitioner.  Petitioner, through counsel, filed a motion and was granted a Stay of Removal in the Second Circuit on February 19, 2004.  In the meantime, the BICE was informed by the Jamaican Embassy on February 27, 2004 that they were "ready and willing" to issue travel documents for Petitioner's removal.

On January 6, 2005, the BICE conducted a custody review and decided to continue his detention for the duration of the appeal pending in the Second Circuit.  Respondents inform the Court in their Answer that the appeal is still pending.

On January 19, 2005, Petitioner submitted the instant Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, arguing that his indefinite detention is unconstitutional.

## **ANALYSIS**

As an alien alleged to be removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), Petitioner's pre-removal order custody is mandatory under 8 U.S.C. § 1226(c)(1)(B).[2]  The Supreme Court has upheld mandatory pre-removal-order detention of specified certain criminal aliens under 8 U.S.C. § 1226(c).  See Demore v. Kim, 538 U.S. 510, 516-17 (2003).  In so doing, the Court relied upon more

---

[2] Because of Petitioner's judicial review and stay of deportation, his removal period has not commenced, pursuant to 8 U.S.C. § 1231(a)(1)(B)(ii)(stating "The removal period begins on the latest of the following...(ii) if the removal order is judicially reviewed and if a court orders a stay of removal of the alien, the date of the court's final order.").

3

than a century of precedent "recogniz[ing] detention during deportation proceedings as a constitutionally valid aspect of the deportation process."  538 U.S. at 523 (citations omitted).  The Court also emphasized that pre-removal-order detention typically lasts only a few months and has a finite ending point at the completion of the removal proceedings.  Id. at 526-531.  In this case, Petitioner has been granted a stay of removal, and therefore, prolongs his detention.  Thus, there is no constitutional deprivation in Petitioner's pre-removal-order detention.

## CONCLUSION

For the reasons set forth above, the Petition must be denied without prejudice.  An appropriate order follows.


                                           s/Anne E. Thompson
                                            ANNE E. THOMPSON
                              United States District Judge

Dated: August 18, 2005